UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONNA MARKETS, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>MAKINI HOWELL; and QUICKIE STORES, INC.,<br><br>        Defendants. | C20-351 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' motion for attorneys' fees and costs, docket no. 10, is DENIED.[1] In March 2020, plaintiff Jonna Markets, LLC commenced this action in which it accused defendants Makini Howell and Quickie Stores, Inc. of, among other things, trademark infringement and breach of contract. *See* Compl. (docket no. 1). The breach of contract claim was premised on a settlement agreement into which the parties entered to resolve a prior action. *See* Ex. B to Compl. (docket no. 1-2). The settlement agreement contains a provision entitling the prevailing party to attorneys' fees and costs incurred in a proceeding relating to the settlement agreement. *See id.* (docket no. 1-2 at 4). Defendants seek attorneys' fees and costs under this provision. A substantial portion of the attorneys' fees sought by defendants are linked to efforts to settle the trademark matters in advance of and shortly after initiation of the lawsuit. In late April 2020, plaintiff voluntarily dismissed this case, without prejudice, pursuant to Federal Rule of

---

[1] In light of the Court's ruling, plaintiff's motion, docket no. 14, to strike materials submitted by defendants in connection with their reply in support of their motion for attorneys' fees and costs, is STRICKEN as moot.

MINUTE ORDER - 1

Civil Procedure 41(a)(1)(A)(i).  *See* Notice (docket no. 7).  Plaintiff did so only two days after settlement negotiations proved unsuccessful, less than a week after defendants accepted service of the Complaint, before defendants filed a responsive pleading or motion, and prior to the submission of a Joint Status Report or issuance of a scheduling order.  The parties now continue to litigate their trademark dispute before the Trademark Trial and Appeal Board.  *See* Mandell Decl. at ¶¶ 3-4 & 16 and Exs. A, B, & D (docket no. 11-1).  Given the facts and circumstances of this litigation, the Court exercises its discretion to decline to award attorneys' fees and costs to defendants.  *See* *Walji v. Candyco, Inc.*, 57 Wn. App. 284, 290, 787 P.2d 946 (1990) ("Voluntary nonsuits may come shortly after service before discovery even starts, or may come after days of trial before a jury.  The decision as to whether a particular voluntary nonsuit should trigger attorney fees should be left to the discretion of the trial judge in light of the circumstances of the particular case, whether interpreting a contract clause or a statute.").

(2)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 11th day of June, 2020.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2